UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Glen Johnson, Timothy Gillen, Kyle Jones, Steven Hall, James Hansen, Don Odermann, James Lenart, and Bill Patt as Trustees of the Operating Engineers Local #49 Health and Welfare Fund, Michael R. Fanning as a Fiduciary of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Joseph Ryan, Bruce Carlson, Glen Johnson, Frank Frattalone, Lee Hiller, Tony Phillippi, Greg Waffensmith, Mark Ryan, as Trustees of the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program, the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program,<br><br>        Plaintiffs,<br><br>vs.<br><br>Storms, Inc. and Jeff Storms, individually,<br><br>        Defendants. | Case No.: 11-CV-3604 (MJD/FLN)<br><br><br><br><br><br><br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR DEFAULT <u>JUDGMENT AND INJUNCTION</u>** |

This matter was heard before the undersigned on April 20, 2012. Christy E. Lawrie of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants.

1

## **FINDINGS OF FACT**

1. Plaintiffs filed their Summons and Complaint in this matter on December 15, 2011. Plaintiffs personally served the Defendant Jeff Storms ("Storms"), both in his individual capacity as well as his capacity as authorized agent for the Defendant Storms, Inc. on December 16, 2011.

2. Defendants failed to file and serve a response or Answer to the Summons and Complaint.

3. The Clerk entered default on January 30, 2012.

4. The Plaintiffs are Trustees and Fiduciaries of the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program ("Funds").

5. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

6. The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

7. Storms accepted and agreed to be bound to the terms of a Collective Bargaining Agreement between the Associated General Contractors of Minnesota, Highway, Railroad, and Heavy Construction Division, and the International Union of Operating Engineers, Local No. 49 covering the period of April 20, 2008 through April 30, 2011 ("Collective Bargaining Agreement").

8. The Collective Bargaining Agreement contains an evergreen clause which provides that:

> the agreement shall continue in effect until April 30, 2011 and from year to year thereafter unless notice of intention to change, modify or terminate, is given by either party ninety (90) days prior to April 30th of the year in which the change, modification, or termination is to take place.

9. Neither party provided timely notice of intention to change, modify, or terminate the agreement. As such, the parties remain bound to the terms of the Collective Bargaining Agreement.

10. In addition, Storms executed a Participating Agreement with the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Participating Agreement").

11. The Welfare Participating Agreement provides that Storms, Inc. and Storms shall contribute to the Operating Engineers Local #49 Health and Welfare Fund in accordance with the terms of the Agreement and Declaration of Trust for the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Trust Agreement").

12. By executing the Welfare Participating Agreement, Storms agreed to bind both Storms, Inc. and himself personally to the full and faithful performance of the Welfare Participating Agreement.

13. The Welfare Trust Agreement and the Collective Bargaining Agreement require Storms, Inc. and Storms to make monthly contributions to the Funds, not later than the fifteenth day of the following month, in an amount set forth in the Collective Bargaining Agreement for each hour worked by its employees covered by the Collective Bargaining Agreement.

14. The Welfare Trust Agreement and Collective Bargaining Agreement

3

further require Storms, Inc. and Storms to calculate the contributions due and owing in any given month to the Funds on a report form which must be submitted with Storms, Inc.'s and Storms' monthly payment.

15.    The Collective Bargaining Agreement states that an employer shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the fifteenth day of the following month.

16.    Storms, Inc. and Storms breached the terms of the Welfare Trust Agreement and Collective Bargaining Agreement by failing to timely submit the remittance reports and contributions for the period of July 2011 through January 2012.

17.    Additionally, the February 2012 remittance reports and contributions will become due on March 15, 2012.

18.    The Funds reasonably believe that Storms, Inc. and Storms employed individuals during the period of July 2011 through February 2012 for which contributions may be due and owing, and continue to do so.

19.    Without the monthly remittance reports, the Funds have no way of determining the amount due and owing for the period of July 2011 through February 2012.

20.    The Collective Bargaining Agreement and Welfare Trust Agreement state that the Trustees, or their authorized agents, have the right at any reasonable time to examine the employer's payroll and employment records, or any other records deemed necessary to determine the employer's compliance with the Collective Bargaining Agreement.

21.    The Funds' Auditor requested a complete set of Storms, Inc. and Storms'

payroll and employment records for the period of December 6, 2010 through the present ("Audit Period").

22. Storms, Inc. and Storms breached the terms of the Collective Bargaining Agreement and Welfare Trust Agreement by failing and refusing to produce a complete set of the payroll and employment records for the Audit Period.

23. The Funds have no adequate remedy at law to redress States' failure to submit a complete set of its payroll and employment records for the Audit Period.

24. The Collective Bargaining Agreement states that if an employer becomes delinquent, the employer shall be required to pay as liquidated damages an amount equal to fifteen percent of the payment otherwise due.

25. Liquidated damages for the period of July 2011 through February 2012 cannot be determined until the relevant remittance reports are submitted by Storms, Inc. and Storms.

26. Likewise, liquidated damages for the Audit Period cannot be determined until a complete set of payroll and employment records are submitted by Storms, Inc. and Storms.

27. The Welfare Trust Agreement states that employers are liable for any attorneys' fees or expenses incurred by the Funds in pursuing the collection of delinquent contributions.

28. The Collective Bargaining Agreements state that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

## **CONCLUSIONS OF LAW**

1. Storms, Inc. and Storms are in default and the Funds are entitled to a default judgment.

2. Storms, Inc. and Storms breached the terms of the Collective Bargaining Agreement by failing to submit the monthly remittance reports and contributions for the period of July 2011 through February 2012.

3. Storms, Inc. and Storms are liable for any and all fringe benefit contributions and associated liquidated damages found to be due and owing pursuant to monthly remittance reports, once submitted.

4. Storms, Inc. and Storms breached the terms of the Collective Bargaining Agreement by failing and refusing to provide a complete set of payroll and employment records for the Audit Period.

5. Storms, Inc. and Storms are liable for any and all fringe benefit contributions and associated liquidated damages found to be due and owing pursuant to the Funds' audit, once completed.

6. Storms, Inc. and Storms are liable for the Funds' reasonable attorneys' fees and costs.

7. Awarding injunctive relief to enforce the Funds' right to monthly remittance reports and payroll and employment documents will serve the public interest.

8. Storms, Inc. and Storms will suffer no harm if ordered to produce its monthly remittance reports for the period of July 2011 through February 2012, and their payroll and employment records for the Audit Period.

9. The Funds are entitled to injunctive relief and are not required to provide

security pursuant to Fed. R. Civ. P. 65(c) because no harm will befall Storms, Inc. and Storms.

      10.    Because the Funds' right to the remittance reports and payroll and employment records for the Audit Period is separate and independent from their right to collect contributions, and because an injunction enforcing the Funds' right to the employment records is a necessary first step in determining the amount of contributions due and owing, there is no just reason for delaying entry of judgment on the requested injunction.

## **ORDER**

Based on the foregoing, and on all the files, records, and proceedings, herein, IT IS ORDERED THAT:

      1.    Plaintiffs' Motion for Default Judgment and Injunction is GRANTED.

      2.    Defendants are ORDERED to submit to submit complete monthly remittance reports for the period of July 2011 through February 2012 that correctly identify the hours worked by its employees pursuant to the Collective Bargaining Agreement.

      3.    Defendants are ORDERED to submit to Plaintiffs a complete set of Storms, Inc. and Storms' payroll and employment records for the Audit Period of December 6, 2010 through the present, including, but not limited to the following records:

          a.    All Internal Revenue 941 quarterly reports;

          b.    All Minnesota quarterly unemployment reporting forms (MUTAs) and quarterly tax forms; and

      c.      All Internal Revenue W-2 and W-3 forms for the Audit Period;

      d.      All Internal Revenue 1099 and 1096 forms for the Audit Period;

      e.      All employee time cards for the Audit Period;

      f.      All payroll registers or journals for the Audit Period; and

      g.      All check registers or journals for all financial accounts for the Audit Period.

4.    Defendants must submit the required remittance reports and all payroll and employment records to the Plaintiffs' third party administrator, Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425 within ten (10) days of the date on which it is served with a copy of this Order.

5.    There being no just reason for delay, the Court orders entry of judgment on the foregoing injunction pursuant to Fed. R. Civ. P. 54(b).

6.    The Court further DECLARES that Defendants are liable to the Plaintiffs for:

      a.      Any delinquent contributions and associated liquidated damages found to be due and owing for the period of July 2011 through February 2012, pursuant to the remittance reports submitted;

      b.      All delinquent contributions and associated liquidated damages found to be due and owing for the Audit Period; and

      c.      The Plaintiffs' reasonable attorneys' fees and costs incurred in pursuing delinquent contributions.

7.    The Court will determine the total amount of contributions, liquidated damages, and attorneys' fees and costs as follows:

      a.    After Plaintiffs receive the outstanding remittance reports for the period of July 2011 through February 2012 and a complete set of payroll and employment records for the Audit Period and complete their audit, the Plaintiffs may file and serve a Motion for Entry of a Money Judgment in the amount the Plaintiffs determine that Defendants owe for delinquent contributions and associated liquidated damages for the period of July 1, 2011 through February 2012 and the Audit Period, as well as reasonable attorneys' fees and costs.

      b.    Defendants may then file an serve a response to the Plaintiffs' Motion within ten (10) days of the date the Plaintiffs' Motion is served.

      c.    The Court will examine the parties' submissions and issue an order for judgment as the Court deems appropriate. No hearing will be held unless the Court orders otherwise.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: April 20, 2012                    s/ Michael J. Davis
                                            The Honorable Michael J. Davis
                                            United States District Court Judge

547287.DOCX