UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Glen Johnson, Timothy Gillen, Kyle Jones, Steven Hall, James Hansen, Don Odermann, James Lenart, and Bill Patt as Trustees of the Operating Engineers Local #49 Health and Welfare Fund, Michael R. Fanning as a Fiduciary of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Joseph Ryan, Bruce Carlson, Glen Johnson, Frank Frattalone, Lee Hiller, Tony Phillippi, Greg Waffensmith, Mark Ryan, as Trustees of the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program, the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program,<br><br>    Plaintiffs,<br><br>vs.<br><br>Storms, Inc. and Jeff Storms, individually,<br><br>    Defendants. | Case No.: 11-CV-3604 (MJD/FLN)<br><br><br><br><br><br><br><br><br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR <u>ENTRY OF JUDGMENT</u>** |

This matter came on for hearing before the undersigned on March 8, 2013 on Plaintiffs' Motion for Entry of Judgment pursuant to Rules 54 and 55 of the Federal Rules of Civil Procedure. Christy E. Lawrie of McGrann Shea Carnival Straughn &

1

Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on December 15, 2011. The Summons and Complaint were personally served upon Jeff Storms, both in his individual capacity and in his capacity as authorized agent for Storms, Inc., on December 16, 2011.

2. The Defendants Storms, Inc., and Jeff Storms failed to file and serve a response or Answer to the Summons and Complaint.

3. The Clerk entered default on January 30, 2012.

4. Plaintiffs are Trustees of the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program ("Funds").

5. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

6. The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

7. Storms, Inc. accepted and agreed to be bound to the terms of a collective bargaining agreement between the Associated General Contractors of Minnesota, Highway, Railroad, and Heavy Construction Division, and the International Union of

Operating Engineers, Local No. 49 covering the period of April 20, 2008 through April 30, 2011 ("Collective Bargaining Agreement").

8.  The Collective Bargaining Agreement contains an evergreen clause which provides that:

> the agreement shall continue in effect until April 30, 2011 and from year to year thereafter unless notice of intention to change, modify or terminate, is given by either party ninety (90) days prior to April 30th of the year in which the change, modification, or termination is to take place.

9.  Neither party provided timely notice of intention to change, modify, or terminate this agreement. As such, Storms, Inc. remains bound to the terms of the Collective Bargaining Agreement.

10. Jeff Storms executed a Participating Agreement with the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Participating Agreement").

11. The Welfare Participating Agreement provides that Storms, Inc. and Jeff Storms shall contribute to the Operating Engineers Local #49 Health and Welfare Fund in accordance with the terms of the Agreement and Declaration of Trust for the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Trust Agreement").

12. By executing the Welfare Participating Agreement, Jeff Storms agreed to bind both Storms, Inc. and himself individually to the full and faithful performance of the Welfare Participating Agreement.

13. The Collective Bargaining Agreement and Welfare Trust Agreement require Storms, Inc. and Jeff Storms to make monthly contributions to the Funds, not later than the fifteenth day of the following month, in an amount set forth in the Collective Bargaining Agreement for each hour worked by its employees covered by the Collective Bargaining Agreement.

3

14. The Collective Bargaining Agreement and Welfare Trust Agreement further require Storms, Inc. and Jeff Storms to calculate the contributions due and owing to the Funds in any given month on a report form which must be submitted to the Funds with Storms, Inc.'s and Storms' monthly contribution payment.

15. The Collective Bargaining Agreement states that an employer shall be considered delinquent for a particular month if the required remittance report and payment are not postmarked on or before the fifteenth day of the following month.

16. The Collective Bargaining Agreement and Welfare Trust Agreement provide that the Trustees, or their authorized agents, have the right at any reasonable time to examine the employer's payroll and employment records, or any other records deemed necessary to determine the employer's compliance with the Collective Bargaining Agreement.

17. Storms, Inc. and Jeff Storms breached the terms of the Collective Bargaining Agreement and Welfare Trust Agreement by failing to produce its remittance reports and contributions for the period of July 2011 through the present ("Delinquency Period").

18. Storms, Inc. and Jeff Storms further breached the terms of the Collective Bargaining Agreement and Welfare Trust Agreement by failing to produce the requested payroll and employment records for the period of December 2010 through the present ("Audit Period").

19. Following this Court's Order dated April 20, 2012, and the filing of the Plaintiffs' Motion for an Order to Show Cause, Storms, Inc. and Jeff Storms produced a

complete set of its payroll and employment records covering both the Delinquency Period and the Audit Period.

20. The Funds' Auditor reviewed the documents and determined that there were hours worked by Storms, Inc. and Jeff Storms' employees covered by the Collective Bargaining Agreement for which Storms, Inc. and Jeff Storms did not submit contributions to the Funds, and the Funds' Auditor created an audit invoice setting forth the unpaid contributions.

21. Specifically, the Funds' Auditor determined that $30,909.20 is due and owing to the Funds. Of that amount, $14,709.80 is due and owing solely to the Operating Engineers Health and Welfare Fund.

22. The Collective Bargaining Agreement and Welfare Trust Agreement state that if an employer becomes delinquent, the employer shall be required to pay as liquidated damages an amount equal to 15 percent of the payment otherwise due.

23. Liquidated damages of $4,636.38 are due and owing to the Funds. Of that amount, $2,206.47 is due and owing solely to the Operating Engineers Health and Welfare Fund.

24. The Collective Bargaining Agreements state that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

## **CONCLUSIONS OF LAW**

1. Storms, Inc. and Jeff Storms are in default and the Funds are entitled to entry of a default judgment.

2. Storms, Inc. is liable to the Funds in the amount of $30,909.20 due and owing for delinquent contributions for the Delinquency Period and Audit Period. Of this amount, Jeff Storms is jointly and severally liable to the Funds in the amount of $14,709.80 for delinquent contributions due and owing solely to the Operating Engineers Health and Welfare Fund for the Delinquency Period and Audit Period.

3. Storms, Inc. is liable to the Funds in the amount of $4,636.38 for liquidated damages due and owing for the Delinquency Period and Audit Period. Of this amount, Jeff Storms is jointly and severally liable to the Funds in the amount of $2,206.47 for liquidated damages due and owing solely to the Operating Engineers Health and Welfare Fund for the Delinquency Period and Audit Period.

4. Storms, Inc. and Jeff Storms are jointly and severally liable to the Funds in the amount of $4,731.22 for the Funds' reasonable attorneys' fees and costs.

## **ORDER**

Based on the foregoing, and on all the files, records, and proceedings, herein, IT IS ORDERED THAT:

1. Plaintiffs' Motion for Entry of Judgment is GRANTED.

2. That judgment in the amount of $40,276.80 be entered against the Defendant Storms, Inc. and in favor of the Plaintiffs, and that judgment in the amount of $21,647.49 be entered against the Defendant Jeff Storms and in favor of the Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: March 8, 2013                    s/ Michael J. Davis
                                        The Honorable Michael J. Davis
                                        United States District Court Judge